Dr. Steven ARKIN, a Florida resident, individually and as the representative of a class of similarly-situated persons, Plaintiff,

v.

INNOCUTIS HOLDINGS, LLC, Cipher Pharmaceuticals US LLC, Delaware limited liability companies, and John Does 1–10 Defendants.

Case No: 8:16–CV–0321–T–27TBM

United States District Court, M.D. Florida, Tampa Division.

Signed April 1, 2016

Ryan M. Kelly, Ross M. Good, Anderson & Wanca, Rolling Meadows, IL, for Plaintiff.

Brian Michael Ercole, Robert M. Brochin, Morgan, Lewis & Bockius, LLP, Miami, FL, for Defendants.

## ORDER

JAMES D. WHITTEMORE, United States District Judge

**BEFORE THE COURT** is Defendants Innocutis Holdings, LLC's and Cipher Pharmaceuticals U.S. LLC's (collectively "Cipher Defendants") Motion to Stay and for an Enlargement of Time to Respond to Plaintiff's Complaint and Memorandum of Law (Dkt.13). The Plaintiff opposed the Cipher Defendants' request for a stay (Dkt.16).[1] Upon consideration, the motion to stay (Dkt.13) is **DENIED.**

Dr. Steven Arkin ("Arkin") alleges the Cipher Defendants sent unsolicited facsimile advertisements ("junk faxes") to Arkin and more than 25 other recipients either without the required opt-out language or with the required opt-out language but without permission (Dkt. 1 at ¶¶ 12, 1415). Arkin further alleges receipt of the "junk faxes" caused the recipients to lose paper and toner and impermissibly utilized the

---

1. This Court previously granted Defendants' enlargement of time to respond (Dkt.15).

recipients' fax machines and telephone lines (*Id.* at ¶¶ 35–36). Arkin brought this suit on behalf of himself and as the representative of a class of similarly-situated persons against the Cipher Defendants and John Does 1–10 alleging violations of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("TCPA") (*Id.* at 1). Arkin seeks certification of this suit as a class action, actual damages or statutorily prescribed damages, and injunctive relief (*Id.* at 13). On March 2, 2016, Judge McCoun granted Plaintiff's Motion to Preserve Evidence from West Fax, Inc., a non-party to this action, because the Plaintiff "demonstrat[ed] a risk that relevant and existing evidence is in danger of being destroyed or was in danger of being destroyed." (Dkt. 6 at 4).

The Cipher Defendants moved to stay this action pending resolution of the Supreme Court's decision in *Spokeo, Inc. v. Robins*, No. 13339 (U.S. argued Nov. 2, 2015) as to whether a bare violation of the Fair Credit Reporting Act, without concrete harm is sufficient to confer Article III standing. *Robins v. Spokeo, Inc.*, 742 F.3d 409, 413 (9th Cir.2014) *cert. granted*, —— U.S. ——, 135 S.Ct. 1892, 191 L.Ed.2d 762 (U.S. Apr. 27, 2015) (argued Nov. 2, 2015). The question presented is "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Petition for Writ of Certioriari at i, *Spokeo*, —— U.S. ——, 135 S.Ct. 1892, 191 L.Ed.2d 762).

■ "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). A district court may issue a "stay pending the resolution of a related case in another court." *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir.2000). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) (citations omitted). When a stay is entered pending the resolution of related proceedings, the stay may not be "immoderate." *Ortega*, 221 F.3d at 1264. Whether a stay is "immoderate" requires an examination of "both the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay." *Id.*

The Eleventh Circuit disfavors the granting of a stay based on the Supreme Court's grant of certiorari. *Gissendaner v. Commissioner, Georgia Dept. of Corrections*, 779 F.3d 1275, 1284 (11th Cir.2015) (denying motion for stay of execution in § 1983 action due to Supreme Court's grant of certiorari in unrelated death penalty case). A "grant of certiorari does not change the law." *Rutherford v. McDonough*, 466 F.3d 970, 977 (11th Cir.2006). In fact, "[u]ntil the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent and to use it and any existing decisions of the Supreme Court to measure the likelihood of a plaintiff's success on the merits." *Gissendaner* at 1284.

Cipher Defendants acknowledge that the Plaintiff has standing under existing Eleventh Circuit precedent. (Dkt. 13, 7 n. 3). In *Palm Beach Golf Center–Boca, Inc. v. Sarris*, the plaintiff alleged the defendant violated the TCPA through the transmittal of one junk fax. 781 F.3d 1245, 1248 (11th Cir.2015). The district court concluded the plaintiff lacked standing under Article III because the plaintiff was

"unable to demonstrate that it had suffered a sufficiently concrete injury." *Id.* at 1250. The Eleventh Circuit reversed, holding the plaintiff had "Article III standing sufficient to satisfy the injury requirement because it ha[d] suffered a concrete and personalized injury" where the business received an unsolicited fax "in the form of the occupation of its fax machine for the period of time required for the electronic transmission of the data." *Id.* at 1251.

■ Plaintiff alleges the Cipher Defendants "transmitted by telephone facsimile machine a facsimile to Plaintiff" and that "Plaintiff had not invited or given permission to Defendants to send the faxes." (Dkt.1, ¶¶ 12, 15). Under current law in the Eleventh Circuit, the allegations in this case are sufficient to confer Article III standing as a "concrete and personalized injury." *Palm Beach Golf Center–Boca, Inc.*, 781 F.3d at 1251. The issue presented in *Spokeo* is not likely to disturb the Eleventh Circuit's holding that a junk fax recipient suffers a concrete injury through occupation of the recipient's fax machine. As this Court is bound to apply existing law, and in light of the present record and the question presented to the Supreme Court in *Spokeo*, a stay is not warranted.

Accordingly, the Cipher Defendants' motion to stay (Dkt.13) is DENIED. Pursuant to this Court's previous Order (Dkt.15), the Cipher Defendants shall respond to Plaintiff's complaint within five (5) days of the date of this order.

**DONE AND ORDERED** at Tampa, Florida this *1st* day of April, 2016.